UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CHEN KHAT, | ) |
| | ) |
| Petitioner, | )   CASE NO.   C07-230-JCC-JPD |
| | ) |
| v. | ) |
| | ) |
| WARDEN JOHN GAY, | )   REPORT & RECOMMENDATION |
| | ) |
| Respondent. | ) |

## INTRODUCTION AND SUMMARY CONCLUSION

Petitioner is currently in the custody of the Washington Department of Corrections pursuant to his King County Superior Court conviction for rape of a child in the first degree. He has filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 seeking relief from his conviction. Respondent has filed an answer to the petition together with relevant portions of the state court record. Petitioner has filed a response to respondent's answer. The briefing is now complete and this matter is ripe for review. Following careful consideration of the record, this Court concludes that petitioner's § 2254 petition, and this action, should be dismissed with prejudice.

REPORT AND RECOMMENDATION
PAGE - 1

## FACTUAL AND PROCEDURAL HISTORY

The Washington Court of Appeals summarized the facts relevant to petitioner's claims as follows:

> Chen Khat was convicted at a jury trial of rape of a child in the first degree. After the trial and before sentencing, Khat filed a motion for a new trial claiming that his trial counsel, John Hicks, prevented him from testifying. The superior court held an evidentiary hearing where Khat and Hicks offered competing testimony.
>
> Khat testified that he was unaware of his right to testify and that when he had told Hicks that he wanted to testify, Hicks told him he did not need him to testify and that Khat should not say anything and let him do his job. Hicks testified that Khat never demanded to testify and that he had explained Khat's rights to him. Hicks also testified he told Khat that if he testified he would risk having other sex abuse allegations introduced in rebuttal. Hicks explained, "I just saw a nest of vipers that could come up and bite us and Mr. Khat agreed." There was no other evidence offered other than these competing versions of events.
>
> The superior court ultimately agreed with Hicks and found that Khat failed to show by a preponderance of the evidence that Hicks was ineffective. Khat appeals.

(Dkt. No. 10, Ex. 2 at 1-2.)

Petitioner, through counsel, filed a direct appeal of his conviction. (*See id.*, Ex. 3.) The opening brief of appellant identified the following assignments of error:

> 1.  Mr. Khat was deprived of his federal and state constitutional right to testify in his own defense.
>
> 2.  Mr. Khat received ineffective assistance of counsel.
>
> 3.  The trial court erred in denying Mr. Khat's motion for a new trial.
>
> 4.  The trial court erred in failing to determine whether Mr. Khat was prevented from testifying and whether he was prejudiced thereby.

(*Id.*, Ex. 3 at 1.)

The Court of Appeals upheld the trial court's finding that petitioner failed to prove by a preponderance of the evidence that his attorney prevented him from testifying. (*Id.*, Ex. 2 at 1.)

REPORT AND RECOMMENDATION
PAGE - 2

Petitioner next sought review by the Washington Supreme Court.  (*See id.*, Ex. 5.)  Petitioner presented the following issues to the Supreme Court in his petition for review:

> 1. A criminal defendant has the constitutional right to the effective assistance of counsel.  Where defense counsel prevented the accused from testifying, was he deprived of his Sixth Amendment right to counsel such that this Court should review the case pursuant to RAP 13.4(b)(1), (3), and (4)?
>
> 2. Where a criminal defendant alleges his counsel prevented him from testifying, this Court has held the trial court has an obligation to conduct an evidentiary hearing and to resolve the issue of whether the waiver of the right to testify was knowing and voluntary.  Where the trial court failed to resolve the pertinent issue and instead mischaracterized the issue, and where the Court of Appeals approved of the trial court's handling of the issue, is review by this Court warranted pursuant to RAP 13.4(b)(1), (3), and (4)?

(Dkt. No. 10, Ex. 5 at 1.)

Petitioner's petition for review was denied without comment on July 12, 2005, and the Court of Appeals issued its mandate terminating direct review on August 30, 2005.  (*Id.*, Exs. 6 and 7.)

On January 6, 2006, petitioner filed a personal restraint petition in the Washington Supreme Court.  (*Id.*, Ex. 8.)  Petitioner identified the following issues for review:

> 1. Was Mr Khat charged correctly with Rape of A Child (domestic violence) instead of the crime of Incest.? [sic]
>
> 2. Did petitioner receive ineffective assistance of counsel when Trial counsel's usurpation of Mr Khat's Constitutional right to testify was denied?  Trial counsel stated on the record that "HE" (trial counsel) usurpted [sic] the decision whether Mr. Khat should testify and the court's Written Conclusions refer to the decision whether to testify as belonging to trial counsel, Is New Trial required.? [sic]
>
> 3. When Mr Khat presented substantial factual evidence that his trial counsel prevented him from testifying, He is entitled to an evidentiary hearing at which the court determines by preponderance of the evidence whether the Waiver of the right to testify was knowing and voluntary.  If it was not and prejudice is found, A New Trial is required.
>
> The Court's Written Findings of Facts and Conclusions of Law on Mr Khat's Motion for New Trial neither directly addresses nor resolves whether the waiver of Mr

REPORT AND RECOMMENDATION
PAGE - 3

Khat's right to testify was knowing and voluntary. Is remand for an evidentiary hearing for determination of the issue required?

    4.    Did the Trial Court Abuse it's discretion by Failing to undertake the proper inquiry, if whether Mr Khat was prevented from testifying and whether he was thereby prejudiced?. [sic]

(Dkt. No. 10, Ex. 8 at 2-3.)

On January 23, 2006, the Supreme Court Commissioner transferred the personal restraint petition to the Court of Appeals for consideration and, on April 4, 2006, the Court of Appeals dismissed the petition. (*Id*., Exs. 10 and 12.)

Petitioner thereafter filed a motion for discretionary review with the Washington Supreme Court. (*Id*., Ex. 13.) Petitioner identified the following issues for review:

1.    Petitioner was denied effective assistance of counsel, in violation of U.S.C.A. Amend. 6 and 14.

2.    Petitioner was denied his constitutional right to testify on his own behalf, in violation of U.S.C.A. Amend. 6 and 14.

3.    Petitioner was incorrectly charged with rape of a child and domestic violence instead of the crime of incest.

(*Id*., Ex. 13 at 1.)

The Washington Supreme Court Commissioner issued a ruling denying review on July 13, 2006. (*Id*., Ex. 15.) Petitioner filed a motion to modify the Commissioner's ruling, but that motion was denied as well. (*Id*., Exs. 16 and 17.) The Washington Court of Appeals issued its certificate of finality in petitioner's personal restraint proceedings on October 27, 2006. (*Id*., Ex. 18.) Petitioner now seeks federal habeas review of his conviction.

## GROUNDS FOR RELIEF

Petitioner identifies three grounds for relief in his federal habeas petition:

REPORT AND RECOMMENDATION
PAGE - 4

| | | |
|---|---|---|
| GROUND ONE: | | Petitioner received ineffective assistance of counsel. |
| | | Petitioner received ineffective assistance of counsel, when his trial counsel John Hicks refused to allow petitioner to testify on his own behalf. |
| GROUND TWO: | | Petitioner was denied constitutional right to testify. |
| | | Trial counsel John Hicks refused to allow petitioner his sixth and fourteenth right to testify. |
| GROUND THREE: | | Petitioner was incorrectly charged. |
| | | Petitioner was incorrectly charged with rape of a child and Domestic Violence instead of the crime of Incest, when the state court admitted in open court that the victim was his daughter. |

(*See* Dkt. No. 1, Petition at 5, 6, and 8.)

## DISCUSSION

Respondent concedes in his answer to petitioner's federal habeas petition that petitioner has properly exhausted his first and second grounds for relief. Respondent argues, however, that the decisions by the Washington state courts with respect to those claims were not contrary to, nor did they constitute an unreasonable application of, clearly established federal law and, thus, petitioner is not entitled to relief with respect to those claims. As to petitioner's remaining claim, respondent asserts that petitioner failed to properly exhaust his third ground for relief because he failed to present that claim to the state courts as a federal constitutional violation. Respondent argues that petitioner's unexhausted claim is procedurally barred and therefore not cognizable in this federal habeas proceeding.

### Exhaustion

The United States Supreme Court has made clear that state remedies must first be exhausted on all issues raised in a federal habeas corpus petition. *Rose v. Lundy*, 455 U.S. 509 (1982); 28

REPORT AND RECOMMENDATION
PAGE - 5

U.S.C. §2254(b), (c). Exhaustion must be shown either by providing the highest state court with the opportunity to rule on the merits of the claim or by showing that no state remedy remains available. *Johnson v. Zenon*, 88 F.3d 828, 829 (9th Cir. 1996)(citations omitted).

The exhaustion requirement is a matter of comity, intended to afford the state courts "the first opportunity to remedy a constitutional violation." *Sweet v. Cupp*, 640 F.2d 233, 236 (9th Cir. 1981). A federal habeas petitioner must provide the state courts with a fair opportunity to apply controlling legal principles to the facts bearing on his constitutional claim. *Picard v. Connor*, 404 U.S. 270 (1971); *Anderson v. Harless*, 459 U.S. 4 (1982). It is not enough that all the facts necessary to support the federal claim were before the state courts or that a somewhat similar state law claim was made. *Harless*, 459 U.S. at 6. The habeas petitioner must have fairly presented to the state courts the substance of his federal habeas corpus claims. *Id.*

"If a petitioner fails to alert the state court to the fact that he is raising a federal constitutional claim, his federal claim is unexhausted regardless of its similarity to the issues raised in state court." *Johnson v. Zenon*, 88 F.3d at 830. In addition, "[i]t is not enough to make a general appeal to a constitutional guarantee as broad as due process to present the substance of such a claim to a state court." *Gray v. Netherland*, 518 U.S. 152, 163 (1996).

Petitioner asserts in his third ground for relief that he was incorrectly charged with the crime of rape of a child instead of the crime of incest. The record reflects that petitioner presented this claim to the state courts in his personal restraint proceedings. However, petitioner did not cite to any specific federal constitutional amendment nor did he cite to any federal cases in presenting the claim. Instead, petitioner relied exclusively on state law cases to support his assertion that he was improperly charged. As noted above, in order to properly exhaust a federal habeas claim, a petitioner must make clear in

REPORT AND RECOMMENDATION
PAGE - 6

the state courts that he is asserting a violation of a federal constitutional right.  *See Johnson v. Zenon*, 88 F.3d at 830.  Because petitioner failed to specifically assert in either his personal restraint petition or his petition for review that his claim that he was incorrectly charged implicated federal constitutional concern that claim has not been properly exhausted.

<u>Procedural Bar</u>

When a petitioner fails to exhaust his state court remedies and the court to which petitioner would be required to present his claims in order to satisfy the exhaustion requirement would now find the claims to be procedurally barred, there is a procedural default for purposes of federal habeas review.  *Coleman v. Thompson*, 501 U.S. 722, 735 n. 1 (1991).

Respondent argues that petitioner, having failed to properly exhaust his federal habeas claims, would now be barred from presenting those claims to the state courts under RCW 10.73.090 (time bar), and RCW 10.73.140 (successive petition bar).  RCW 10.73.090(1) provides that a petition for collateral attack on a judgment and sentence in a criminal case must be filed within one year after the judgment becomes final.  A judgment becomes final for purposes of state collateral review on the date that the appellate court issues its mandate disposing of a timely direct appeal.  RCW 10.73.090(3)(b).  The Court of Appeals issued its mandate terminating petitioner's direct appeal on August 30, 2005.  (*See* Dkt. No. 10, Ex. 7.)  Petitioner would therefore be time barred from presenting his unexhausted claim to the state courts.

In addition, because petitioner has previously presented a personal restraint petition to the state courts, the state courts are unlikely to entertain another such petition from petitioner.  *See* RCW 10.73.140.  Accordingly, this Court concludes that petitioner has procedurally defaulted on his third ground for federal habeas relief.

REPORT AND RECOMMENDATION
PAGE - 7

Cause and Prejudice

When a state prisoner defaults on his federal claims in state court, pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice. *Coleman v. Thompson*, 501 U.S. at 750.

To satisfy the "cause" prong of the cause and prejudice standard, petitioner must show that some objective factor external to the defense prevented him from complying with the state's procedural rule. *Coleman*, 501 U.S. at 753 (citing *Murray v. Carrier*, 477 U.S. 478, 488 (1986)). To show "prejudice," the petitioner must show not merely that the alleged errors created a possibility of prejudice, but that they worked to his actual and substantial disadvantage. *United States v. Frady*, 456 U.S. 152, 170 (1982). Only in an "extraordinary case" may the habeas court grant the writ without a showing of cause or prejudice to correct a "fundamental miscarriage of justice" where a constitutional violation has resulted in the conviction of a defendant who is actually innocent. *Murray v. Carrier*, 477 U.S. at 495-96.

Petitioner fails to establish that any factor external to the defense prevented him from complying with the state's procedural rules. Because petitioner has not met his burden of demonstrating cause for his procedural default, this Court need not determine whether petitioner carried his burden of showing actual prejudice. *Cavanaugh v. Kincheloe*, 877 F.2d 1443, 1448 (9th Cir. 1989) (citing *Smith v. Murray*, 477 U.S. 527, 533 (1986)). In addition, petitioner makes no colorable showing of actual innocence. Petitioner therefore fails to demonstrate that his third ground

for relief is eligible for review in these federal habeas proceedings. Petitioner's federal habeas petition should therefore be dismissed with respect to this claim.

<u>Standard of Review for Exhausted Claims</u>

Under the Anti-Terrorism and Effective Death Penalty Act, a habeas corpus petition may be granted with respect to any claim adjudicated on the merits in state court only if the state court's decision was *contrary to*, or involved an *unreasonable application* of, clearly established federal law, as determined by the Supreme Court, or if the decision was based on an unreasonable determination of the facts in light of the evidence presented. 28 U.S.C. § 2254(d) (emphasis added).

Under the "contrary to" clause, a federal habeas court may grant the writ only if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law, or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *See Williams v. Taylor*, 529 U.S. 362 (2000). Under the "unreasonable application" clause, a federal habeas court may grant the writ only if the state court identifies the correct governing legal principle from the Supreme Court's decisions but unreasonably applies that principle to the facts of the prisoner's case. *Id*. The Supreme Court has made clear that a state court's decision may be overturned only if the application is "objectively unreasonable." *Lockyer v. Andrade*, 538 U.S. 63, 69 (2003).

In addition, if a habeas petitioner challenges the determination of a factual issue by a state court, such determination shall be presumed correct, and the applicant has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

<u>Right to Effective Assistance of Counsel/Right to Testify</u>

Petitioner asserts in his first ground for federal habeas relief that his trial counsel rendered

REPORT AND RECOMMENDATION
PAGE - 9

ineffective assistance when he denied petitioner the opportunity to testify at trial. Petitioner asserts in his second ground for relief that he was denied his constitutional right to testify at trial.

The United States Supreme Court has recognized that a criminal defendant has a constitutional right to testify on his own behalf. *Rock v. Arkansas*, 483 U.S. 44 (1987). The Supreme Court has also recognized "that the accused has the ultimate authority to make certain fundamental decisions regarding the case, as to whether to plead guilty, waive a jury, testify in his or her own behalf, or take an appeal." *Jones v. Barnes*, 463 U.S. 745, 751 (1983) (citations omitted).

A defendant's relinquishment of his right to testify must be knowing and intentional. *United States v. Pino-Noriega*, 189 F.3d 1089, 1094 (9th Cir. 1999) (citing *United States v. Joelson*, 7 F.3d 174, 177 (9th Cir. 1993)). However, a defendant's waiver of his right to testify need not be explicit. *Id*. Rather, "waiver of the right to testify may be inferred from the defendant's conduct and is presumed from the defendant's failure to testify or notify the court of his desire to do so." *Pino-Noriega*, 189 F.3d at 1095 (citing *Joelson*, 7 F.3d at 177).

Moreover, a defendant is "presumed to assent to his attorney's tactical decision not to have him testify." *Id*. "When a defendant remains 'silent in the face of his attorney's decision not to call him as a witness,' he waives the right to testify." *Pino-Noriega*, 189 F.3d at 1095 (citing *United States v. Nohara*, 3 F.3d 1239, 1244 (9th Cir. 1993)).

A criminal defendant also has a right, guaranteed by the Sixth Amendment, to the effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Claims of ineffective assistance of counsel are evaluated under the two-prong test set forth in *Strickland*. Under *Strickland*, a defendant must prove (1) that counsel's performance was deficient and, (2) that the deficient performance prejudiced the defense. *Strickland*, 466 U.S. at 687.

With respect to the first prong of the *Strickland* test, a petitioner must show that counsel's performance fell below an objective standard of reasonableness. *Strickland*, 466 U.S. at 688. Judicial scrutiny of counsel's performance must be highly deferential. *Id*. at 689. There is a strong presumption that counsel's performance fell within the wide range of reasonably effective assistance. *Id*. In order to prevail on an ineffective assistance of counsel claim, a petitioner must overcome the presumption that counsel's challenged actions might be considered sound trial strategy. *Id*. "A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Id*.

The second prong of the *Strickland* test requires a showing of actual prejudice related to counsel's performance. This requires a showing "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is unreliable." *Id*. at 687. In order to establish prejudice, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. at 694.

The reviewing Court need not address both components of the inquiry if an insufficient showing is made on one component. *Strickland*, 466 U.S. at 697. Furthermore, if both components are to be considered, there is no prescribed order in which to address them. *Id*.

Petitioner's claims that he was denied the right to testify, and that he was denied effective assistance of counsel when his counsel prevented him from testifying, were first presented to the state courts in a motion for new trial. (*See* Dkt. No. 10, Ex. 2 at 1-2.) The King County Superior Court held an evidentiary hearing on petitioner's motion for new trial at which petitioner was afforded the

REPORT AND RECOMMENDATION
PAGE - 11

opportunity to establish that his attorney had prevented him from testifying. (*See* Dkt. No. 10, Ex. 19, Transcript of September 29, 2003.) Both petitioner and his trial counsel, John Hicks, testified at the evidentiary hearing. (*Id*.) The superior court, after taking testimony and hearing argument, concluded that petitioner had not demonstrated by a preponderance of the evidence that he was entitled to a new trial. (*Id*. at 47-49.) The superior court therefore denied petitioner's motion. (*Id*.)

The Washington Court of Appeals, on direct appeal, explained that petitioner's allegation that his attorney prevented him from testifying must be evaluated as a claim of ineffective assistance of counsel under *Strickland*. (Dkt. No. 10, Ex. 2 at 3.) The court of appeals further explained that "[i]f a defendant is able to prove by a preponderance of the evidence that his attorney actually prevented him from testifying, the defendant has satisfied the first prong of the *Strickland* test." (*Id*.) The court of appeals then reviewed the factual findings of the superior court as they pertained to petitioner's claim of ineffective assistance of counsel. (*Id*.)

The court of appeals noted that the superior court, after hearing the competing testimony of petitioner and Hicks at the evidentiary hearing, had concluded "that Khat was informed of his right to testify on the record, that Hicks reviewed that right with him, and Hicks represented to the court at trial that Khat had waived that right." (*Id*. at 4.) The court of appeals concluded that these factual findings of the superior court were supported by Hicks' testimony and that, based on these findings, the superior court properly concluded that petitioner had not proven by a preponderance of the evidence that his attorney prevented him from testifying. (*Id*.) In other words, in the view of the court of appeals, petitioner failed to satisfy the first prong of the *Strickland* test.

REPORT AND RECOMMENDATION
PAGE - 12

The court of appeals' conclusion that petitioner failed to establish deficient performance on the part of trial counsel relative to petitioner's exercise of his right to testify is reasonable in light of the record as a whole. However, this Court has some concerns about the facts relied upon by the court of appeals to reach its conclusion.

Specifically, it appears to this Court that two of the three superior court factual findings relied upon by the court of appeals to support its conclusion that petitioner had not established deficient performance are not supported by the record. At issue are the findings that petitioner was informed of his right to testify on the record, and that petitioner's counsel represented to the court at trial that petitioner had waived that right. The court of appeals determined that these findings were supported by counsel's testimony at the evidentiary hearing. In fact, neither of these findings is supported by the record of petitioner's trial or by the testimony of petitioner's counsel at the evidentiary hearing.

Nothing in the record before this Court reflects that petitioner was ever informed of his right to testify on the record. It appears that this factual conclusion found its way into the superior court's written findings and conclusions as a result of a statement made by the superior court judge during his oral ruling on petitioner's motion for new trial. Specifically, the trial judge stated as follows: "My recollection – and, again, I do not have the transcript – my recollection is specifically on the record that there was an opportunity for Mr. Hicks to confer with his client after which – and I believe it was at a recess – after which Mr. Hicks indicated that his client would not be testifying." (Dkt. No. 10, Ex. 19, Transcript of September 29, 2003, at 49.) The trial judge's recollection was inaccurate.

The record reflects that counsel advised the court just prior to a recess that his client would not testify. (*See id.*, Transcript of March 31, 2003, at 30-31) Preceding the exchange regarding whether petitioner would testify was the testimony of the state's final witness, followed immediately

REPORT AND RECOMMENDATION
PAGE - 13

by argument on defendant's motion to dismiss. (Dkt. No. 10, Ex. 19, Transcript of March 31, 2003, at 3-30.) If there was an opportunity for petitioner and counsel to confer at this juncture regarding any decision at to whether petitioner would testify, it is not evident in the record.

As to the exchange itself between the court and counsel regarding whether petitioner would testify, the Court inquired of counsel "Mr. Hicks have you made a decision yet?" (*Id*. at 30.) Counsel's reply was "Mr. Khat will not testify." (*Id*.) While counsel may have intended to represent to the court through this exchange that petitioner intended to waive his right to testify, there is no reference anywhere in the trial transcript to petitioner's right to testify nor is there any indication in the transcript that personally waived that right.

Because the record does not reflect that petitioner was informed of his right to testify on the record or that counsel specifically represented to the court that petitioner had waived his right to testify, the court of appeals erred when it relied upon these facts to support its ultimate conclusion that counsel did not render ineffective assistance.

The third factual conclusion relied upon by the court of appeals, that counsel had reviewed with petitioner his right to testify, was supported by the record. Counsel's testimony at the evidentiary hearing made clear that counsel had not only advised petitioner of his right to testify, but that he had also explained to petitioner why it would not be in his best interest to testify. (*Id*., Transcript of September 29, 2003, at 36-38.) Counsel's testimony at the evidentiary hearing also strongly suggested that petitioner understood his right to testify and that he agreed with counsel's conclusion that it would not be in petitioner's best interests to testify on his own behalf. (*Id*.) While petitioner offered contrary testimony at the hearing, it is evident from a review of the record of that

proceeding that the superior court found counsel's testimony to be more credible.  In this Court's view, the record amply supports the conclusion that counsel reviewed with petitioner his right to counsel and that counsel did not, in fact, prevent petitioner from testifying.  Thus, the record also supports the conclusion that petitioner was not denied his right to testify nor his right to effective assistance of counsel.

Assuming that petitioner's allegations concerning the denial of his right to testify can be given any credence, petitioner makes no showing that any such errors undermined the reliability of his criminal trial.  Counsel, in his testimony before the superior court, offered a compelling explanation as to why he thought it inadvisable for petitioner to testify.  Counsel expressed his concern about what might come out on cross-examination given some of petitioner's previous statements to counsel.  (Dkt. No. 10, Ex. 19, Transcript of September 29, 2003, at 37.)  Counsel also expressed his concern that if petitioner had testified it would have opened the door to testimony from other victims.  (*Id*.)  Finally, counsel indicated in his testimony that, given the nature of the case against petitioner, he didn't feel there was much to be gained by having petitioner testify.  (*Id*. at 40.)

Nothing in the record before this Court suggests that petitioner's testimony would have altered the outcome of the proceedings.  Absent such a showing, petitioner is not entitled to relief in these federal habeas proceedings.  *See Strickland*, 466 U.S. at 687.  *See also, Brecht v. Abrahamson*, 507 U.S. 619, 638 (1993) ( The standard for determining whether relief must be granted on federal habeas review is whether any claimed error "had a substantial and injurious effect or influence in determining the jury's verdict.")  Accordingly, petitioner's federal habeas claims should be denied.

## CONCLUSION

For the reasons set forth above, this Court recommends that petitioner's federal habeas petition

REPORT AND RECOMMENDATION
PAGE - 15

be denied and that this action be dismissed with prejudice.  A proposed order accompanies this Report and Recommendation

DATED this 13th day of August, 2007

*/s/ James P. Donohue*
JAMES P. DONOHUE
United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE - 16